NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JINHUA LIU; ZEHUI WANG,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-75

Agency Nos.
A209-152-314
A209-152-313

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024[**]
Honolulu, Hawai'i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Jinhua Liu and her husband Zehui Wang, natives and citizens of China,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and withholding of removal based on an adverse credibility determination. [1] Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

We review credibility determinations for substantial evidence "based on the totality of the circumstances." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (cleaned up). We conclude that falsehoods in Liu's prior visa application, the implausibility of her testimony, and lack of corroboration provide substantial evidence to support the determination that Liu was not credible.

1. Liu does not dispute that her 2010 U.S. visa application contained material falsehoods but claims that they do not bear on her credibility under *Akinmade v. INS*, which holds that "the presentation of a fraudulent document for the purpose of escaping immediate danger from an alien's country of origin" should not adversely affect a petitioner's credibility. 196 F.3d 951, 955 (9th Cir. 1999) (quoting *In re O-D-*, 21 I. & N. Dec. 1079, 1081 (B.I.A. 1998)). But Liu testified that she was not targeted by authorities until over a month *after* she applied for a U.S. visa. Therefore, the record does not compel the conclusion that the "narrow *Akinmade* exception" applies. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011).

2. Liu also contends that the BIA erred by relying solely on the visa application falsehoods. But choosing "to lie to immigration authorities . . . always counts as substantial evidence supporting an adverse credibility finding, unless the

---

[1] Wang is a derivative beneficiary of Liu's application for relief.

lie falls within the narrow *Akinmade* exception." *Id*. In any event, the BIA did not rely only on the visa application falsehoods in upholding the IJ's adverse credibility determination; it generally invoked "the reasons discussed by the Immigration Judge" and cited to the portion of the IJ's decision also discussing the implausibility of Liu's account and lack of corroboration.

3. Liu also argues that the agency erred in finding her testimony implausible. But even if the IJ's skepticism of Liu's account about being released after the alleged abortion without being sterilized is assumed to be based on "speculation and conjecture," *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004), other substantial evidence supports the adverse credibility determination. This includes the false statements in the visa application, the absence of any mention of sterilization in the statement from Liu's mother-in-law, and the omissions in and poor chain of custody of the village notice regarding sterilization.

4. Liu also maintains that the IJ erroneously failed to afford her an opportunity to provide additional corroborating evidence. But, as the BIA held, an IJ is only required to give a petitioner notice and an opportunity to furnish additional evidence if the petitioner's testimony is otherwise credible. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Nor did the BIA otherwise err in affirming the IJ's finding of insufficient corroboration. The IJ did not base her adverse credibility finding on Liu's sister-in-law's testimony, but merely found that Liu's testimony

3                                                    23-75

was "not strengthened" by it. And the BIA's lack-of-corroboration finding is otherwise amply supported by the record, including missing information in and lack of authentication of the village notice of sterilization.

**PETITION DENIED.**